```
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE
```

Matthew Greenwood

    v.                                     Civil No. 11-cv-01-JD

Paul Sylvester and
Merrimack County

                              O R D E R

    Matthew Greenwood is a former pretrial detainee at the Merrimack County House of Corrections who brings claims pursuant to 42 U.S.C. § 1983 against Paul Sylvester, a physician's assistant at the jail, and Merrimack County, alleging that they were deliberately indifferent to his serious medical needs and other related claims.  Merrimack County moves to compel Greenwood to answer interrogatories propounded to him by Paul Sylvester. Greenwood, who is represented by counsel, did not file a response to the motion.

    In support of the motion to compel, Merrimack County states that Paul Sylvester propounded interrogatories to Greenwood in January of 2012 and that Greenwood has not provided a response. Merrimack County further states that it relied on Sylvester's interrogatories to provide information about the claims in the case.  Merrimack County asks the court to dismiss the case as a

sanction for Greenwood's failure to respond to Sylvester's interrogatories.

Although Merrimack County cites no authority to support its motion to compel Greenwood to answer Sylvester's interrogatories, it may have intended to proceed pursuant to Federal Rule of Civil Procedure 37(a), which pertains to motions to compel discovery. "A party seeking discovery may move for an order compelling an answer, designation, production or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33 . . . ." Fed. R. Civ. P. 37(a)(3)(B)(iii). Rule 33 provides the procedure for propounding interrogatories by a party to another party.

In this case, Merrimack County, by its own admission, did not propound interrogatories to Greenwood. Merrimack County points to no authority that permits one party to move to compel answers to interrogatories propounded by a different party. Further, Merrimack County's request that the court dismiss the entire case as a sanction for Greenwood's failure to respond to Sylvester's interrogatories is at least premature, as no court order has issued compelling a response. Fed. R. Civ. P. 37(b); see also Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010).

Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 19) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 29, 2012

cc: Kenneth C. Bartholomew, Esquire
    Corey M. Belobrow, Esquire
    Michael J. Sheehan, Esquire