UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Matthew Greenwood

    v.                                Civil No. 11-cv-001-JD

Merrimack County, et al.


O R D E R

Matthew Greenwood brought suit in state court, alleging a federal claim against Paul Sylvester and state claims against Merrimack County, arising from events while Greenwood was a pretrial detainee at the Merrimack County Jail.  The defendants removed the case to this court.  Merrimack County moves for summary judgment on the claims brought against it.  Greenwood did not respond to the motion.[1]


Standard of Review

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

---

[1] Greenwood is represented by counsel.

Material facts are "facts that might affect the outcome of the suit under the governing law." Id, at 248.  The court considers the undisputed material facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Avery v. Hughes, 661 F.3d 690, 693 (1st Cir. 2011).

When the opposing party fails to file a response to a motion for summary judgment, the court may take all properly supported evidence provided with the motion as uncontested.  Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533-34 (1st Cir. 2006); see also LR 7.2(b)(2).


## Discussion

In the complaint, Greenwood alleges that Merrimack County had a special duty of care as his jailor to provide appropriate medical care.  He contends that Merrimack County failed to provide adequate treatment for his injured ankle and that Merrimack County is responsible, through respondeat superior, for the acts and omissions of Paul Sylvester who worked as a physician's assistant at the jail.  Merrimack County seeks summary judgment on the ground that the first claim alleges medical negligence, requiring expert testimony which Greenwood

lacks, and that Greenwood agreed to dismiss the second claim, for respondeat superior.[2]

In his complaint, Greenwood alleges that he injured his ankle in January of 2008 and had surgery to repair the fracture. He was arrested and entered the Merrimack County Jail at the end of January with the injured ankle.  After he was released on July 16, 2008, he spent a month in the hospital for treatment of his ankle.  He alleges that the jail breached their duty of care by failing to properly treat his ankle while he was there.  In the absence of any contrary argument, Greenwood's claim against Merrimack County is construed to be based on medical negligence.

New Hampshire requires expert testimony to prove a claim for injury caused by medical negligence:

> In any action for medical injury, the plaintiff shall have the burden of proving by affirmative evidence which must include expert testimony of a competent witness or witnesses:
> (a) The standard of reasonable professional practice in the medical care provider's profession or specialty thereof, if any, at the time the medical care in question was rendered; and
> (b) That the medical care provider failed to act in accordance with such standard; and

---

[2]Merrimack County further explains that the case was referred to the New Hampshire Medical Malpractice Panel.  When Greenwood failed to name an expert within the time allowed by the Panel, Sylvester moved to dismiss the panel proceedings, and Greenwood filed a notice that he had no objection to dismissal. The motion to dismiss the proceeding was granted on January 9, 2012.

    (c) That as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred.

RSA § 507-E:2.  See also Goudreault v. Kleeman, 158 N.H. 236, 245 (2009).  The deadline for Greenwood to disclose an expert witness in this case was April 1, 2012, and Greenwood does not dispute that he has not disclosed an expert.  Therefore, Greenwood cannot prove his claim of medical negligence, and summary judgment is appropriately entered in favor of Merrimack County.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment on Counts II and III (document no. 20) is granted.
`

    SO ORDERED.

                                                          Joseph A. DiClerico, Jr.
                                                         United States District Judge

July 24, 2012

cc:   Kenneth C. Bartholomew, Esquire
       Corey M. Belobrow, Esquire
       Michael J. Sheehan, Esquire